sonal retribution is not persecution on account of political opinion). Moreover, Khaligh failed to show "by credible, direct, and specific evidence in the record," that he had a well-founded fear that the Iranian authorities would persecute him in the future on the basis of his political opinion. *See Fisher*, 79 F.3d at 963.

Because Petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' due process challenge to the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852–55 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

Alfonso **PEREZ–MUNOZ;** Soila **Bustos,** Petitioners,

v.

John **ASHCROFT,** Attorney General,* Respondent.

No. 02–73553.

Agency Nos. A74–800–876, A74–800–877.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.**

Decided Aug. 19, 2004.

Alfonso Perez–Munoz, Garden Grove, CA, pro se.

Soila Bustos, Garden Grove, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark A. Walters, Jennifer L. Lightbody, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Alfonso Perez–Munoz and Soila Bustos, natives and citizens of Mexico, petition pro

---

* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect this caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for suspension of deportation. We have partial jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We dismiss the petition for review in part and deny it in part.

Because the IJ's denial of suspension of deportation was based on Petitioners' failure to demonstrate "extreme hardship," we lack jurisdiction to review this discretionary determination under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See id.* at 1152.

Petitioners' challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003). Petitioners' challenge to the exclusion of Mexicans from the Nicaraguan Adjustment and Central American Relief Act is foreclosed by *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001). We find no merit in Petitioners' remaining contentions.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 898–99 (9th Cir.2004) (order), Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

